UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELI FISTLER,

Plaintiff,

v.

CHIRSTOPHER MICHAEL BROOKS, et al.,

Defendants.

No. 2:23–cv–02386–CKD

PRETRIAL SCHEDULING ORDER

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), the action was reassigned to the undersigned for all further proceedings and entry of final judgment. (ECF Nos. 14, 15, 17.)

Having reviewed the Joint Status Report, the Court now issues the following pretrial scheduling order.

/ / /

NATURE OF THE CASE

This case involves a two-vehicle accident that occurred on June 28, 2022, in Williams, Colusa County, CA. Plaintiff Fistler was operating an SUV. Defendant Christopher Brooks was operating a semi-truck with a trailer. Defendant Brooks was in the course and scope of his employment with Defendant USX at the time of the accident. Plaintiff Fistler was transported to a hospital where he was treated for various injuries, including but not limited to left leg fractures, left knee injuries, facial fractures, and a left shoulder injury. Plaintiff Fistler alleges motor vehicle negligence, general negligence, and negligent hiring, supervision, and retention.

SERVICE OF PROCESS

Defendant Brooks has been dismissed. (ECF No. 24.) No further service is permitted except with leave of Court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

Defendant USX, Inc., which was named as a Doe Defendant in the state court action and subsequently removed this matter to federal court, has answered. (ECF No. 3.) No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

The Court notes nine (9) remaining Doe Defendants are named in the Complaint. (*See* ECF No. 1.) The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (*citing Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Doe Defendants are hereby DISMISSED from this case. Should Plaintiff wish to amend to add additional named defendants after discovering their identities, Plaintiff may file a motion to amend and submit this motion for the Court's review. No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

The parties completed their Rule 26 conference on January 30, 2024 and initial

disclosures were served on February 13, 2024. (ECF No. 23 at 4.)

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[1] by **February 1, 2027.** Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/. Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to inquire regarding Judge Delaney's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an

[1] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES AND DISCOVERY

The parties disclosed expert witnesses on January 29, 2026. (ECF No. 19 at 3.) The parties later disclosed rebuttal witnesses on March 30, 2026. *Id*. Expert disclosures shall be served upon all other parties. All expert discovery shall be completed by **March 1, 2027**. The same procedures for fact–discovery disputes apply to expert–discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) by **March 1, 2027**. Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the Court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m. This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be

resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE AND TRIAL

A. Joint Pretrial Statement

The parties shall file a joint pretrial statement pursuant to Local Rule 281(a)(2). The joint pretrial statement must be filed no later than fourteen (14) days before the date set for the final pretrial conference and must also be emailed as a Word document to CKDorders@caed.uscourts.gov.

The form and contents of the joint pretrial statement shall conform with Local Rule 281(b) with the following modifications as to witnesses and exhibits. Each party's witness list must contain the information specified in the local rule and must be submitted as a separate attachment. Only witnesses so listed will be permitted to testify at the trial except as may be otherwise provided in the pretrial order.

Each party's exhibit list must contain the information specified in the local rule and must be submitted as a separate attachment. Exhibits shall be listed separately rather than categorically. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. All exhibits must be identified with a reasonable amount of detail, including Bates numbers; document/file date; and a concise description. Only exhibits so listed may be offered at trial except as may be otherwise provided in the pretrial order.

B. Motions in Limine

Motions in limine shall be filed fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed seven (7) days before the date set for the final pretrial conference. No replies shall be filed. The parties should be prepared to argue their motions in limine at the final pretrial conference.

Briefing for motions in limine shall be limited to 25 pages total for each side, excluding

tables. Each motion in limine should be numbered and clearly identified. For example, "Plaintiff's Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the beginning which lists each motion in limine and the page number on which the motion begins.

Briefing for oppositions/ responses to motions in limine shall also be limited to 25 pages total for each side, excluding tables. Each opposition/ response should be numbered and clearly identified. For example, "Defendants' Opposition to Plaintiff's Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the beginning that lists each opposition/ response and the page number on which the opposition/response begins.

C. Proposed Voir Dire, Jury Instructions, and Verdict Forms

The parties must file proposed voir dire questions, proposed joint jury instructions, and proposed joint verdict forms by the close of business fourteen (14) days before the date set for the final pretrial conference. The parties must also email these filings as Word documents to CKDorders@caed.uscourts.gov. The parties should be prepared to address the proposed voir dire questions, jury instructions, and verdict forms at the final pretrial conference.

D. Trial Briefs

Trial briefs shall be filed no later than by the close of business fourteen (14) days before the date set for the final pretrial conference. Trial briefs shall not duplicate the contents of the joint pretrial statement and proposed order, and shall be limited to ten (10) pages.

E. Final Pre-Trial Conference

The final pretrial conference is set for **March 24, 2027 at 10:00 a.m.** in Courtroom No. 24 before Chief United States Magistrate Judge Carolyn K. Delaney. Trial counsel must appear at the final pretrial conference. At the final pretrial conference, the Court will set the deadlines for other trial-related deadlines, including the submission of exhibits.

F. Trial Date

A jury trial is set for **April 5, 2027** at 9:30 a.m., in Courtroom No. 24. The parties estimate fifteen (15) to twenty (20) days for trial, assuming partial court days. (ECF No. 23 at 3.) The parties are advised that Judge Delaney generally holds court for full days so expects that the trial will take approximately ten (10) days. The parties are also advised that Judge Delaney will

be unavailable between April 23 and April 30, 2027.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days. If no objections are filed, this order will become final without further order of this Court.

SETTLEMENT CONFERENCE

The Court refers the parties to Magistrate Judge Chi Soo Kim for a Settlement Conference which must occur no later than January 22, 2027. The parties shall contact Magistrate Judge Kim's Courtroom Deputy Alexandra Waldrop (awaldrop@caed.uscourts.gov) for scheduling. The parties will receive instructions including on how to appear for the Settlement Conference.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: July 14, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 , fist.23cv2386